UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JIMMY GREATHOUSE, | ) | CASE NO. 1:05 CV 1551 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | MEMORANDUM OF OPINION |
| AMERICAN SELECT INSURANCE COMPANY, | ) ) | AND ORDER |
| Defendant. | ) | |

CHRISTOPHER A. BOYKO, J.:

On June 6, 2005, plaintiff pro se Jimmy Greathouse filed this in forma pauperis action against American Select Insurance Company. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989);

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.
(continued...)

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

This action lacks an arguable basis in law. There are no facts set forth in the complaint suggesting a proper basis for this court's jurisdiction, as the parties are both located in Ohio and no federal statute is implicated by plaintiff's claim.[2] This action is therefore appropriately subject to dismissal under Section 1915(e). Lowe v. Hustetler, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, the application to proceed in forma pauperis is granted and this action is dismissed. Further, the court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

DATE: 8/12/05

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

(...continued)
McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] Although plaintiff asserts violation of his constitutional rights and mentions 42 U.S.C. § 1983, there is no plausible allegation of action "under color of state law," a prerequisite for a § 1983 action. Parratt v. Taylor, 451 U.S. 527, 535 (1981).